UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS C. NAVARRA,

    Plaintiff,

v.                              Case No:   2:19-cv-834-FtM-29MRM

PERRY WILSON, KENNETH CODY,
HEATHER CAUSER, and JEFFREY
BARKLEY,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #22) filed on March 24, 2020. Plaintiff filed a Response (Doc. #31) on May 4, 2020. For the reasons that follow, the motion is granted, with leave to file a second amended complaint.

**I.**

On November 20, 2019, plaintiff Louis Navarra, acting *pro se*, initiated this matter by filing a Complaint (Doc. #1) asserting a claim under 42 U.S.C. § 1983 against defendants Perry Wilson, Kenneth Cody, Heather Causer, and Jeff Barkley. The claim asserted that the defendants, who are police officers for the Cape Coral Police Department, falsely arrested him. (Id. pp. 4.) Submitted with the Complaint was, *inter alia*, a two-page addendum containing factual allegations relating to the claim. (Doc. #1-3, pp. 8-9.)

On January 22, 2020, plaintiff filed what the Court construed as a motion to amend the complaint to correct the spelling of two of the defendants' names. (Doc. #10.) The motion was granted, and plaintiff was ordered to file his amended complaint by February 7, 2020. (Doc. #15.)

On February 3, 2020, plaintiff filed an Ammended [sic] Complaint for Violation of Civil Rights, again asserting a claim under 42 U.S.C. § 1983 against the four defendants. (Doc. #16.) In describing the facts underlying the claim, plaintiff wrote the following:

> I was falsly arrested as a first degree felon burgler for a "party crashing" of "friends" my dead wife and I knew and sponsored for 12 years with the family. Officer Wilson and Officer Cody Conspred to arrest me along with Sgt. Causerand Mr. Jeff Barkley (unkown). On body cam and officil court reporting officer Wilson is ranting that I am a drunk.. I was banging on dooors at 4 AM for campaign signs(Total Lie Unfounded) Officer says I am a "stalker" (totally unfounded lie.) Officer Wilson and Cody are changing statement of Ashley and Digna to burglary. Officer Wilson "burglary". Office Cody "What is he fucking thinking". Officer Cody "burglary oh good, oh fun, lets find this guy. The Curiel's only wanted trespass. The Officer did not have body cam on. (Vio of Police Policy)

(Id. p. 6) (spelling and grammar in original). When describing where and when the events took place, plaintiff states, "See Addendum." (Id. p. 5.) However, there were no attachments included with the Ammended [sic] Complaint.

On March 24, 2020, defendants filed their Motion to Dismiss, arguing (1) the Ammended [sic] Complaint is a "classic shotgun

2

pleading" and fails under Rule 8 of the Federal Rules of Civil Procedure, and (2) to the extent it alleges a conspiracy claim, the Ammended [sic] Complaint fails to state a claim. (Doc. #22, pp. 3-5.) Plaintiff responds that "[t]he complaint is clear," and "[e]very fact is proved by the documents on file." (Doc. #31, p. 1.)

## II.

### A. Legal Standards

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555l; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. The Court is required to liberally construe the allegations of a *pro se* plaintiff. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998).

**B. Analysis**

Having considered the arguments of the parties, the Court agrees with defendants that the Ammeded [sic] Complaint must be dismissed for failing to state a claim. The Ammended [sic] Complaint purports to assert a claim under 42 U.S.C. § 1983. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff first

4

must allege a violation of a right secured by the Constitution or under the laws of the United States; and, second allege that the deprivation was committed or caused by a person actin[g] under color of state law." Vega v. Sawyer, 2020 WL 978004, *2 (M.D. Fla. Feb. 28, 2020) (citing West v. Atkins, 487 U.S. 42, 48 (1988); Arrington v. Cobb Cty., 139 F.3d 865, 872 (11th Cir. 1998)).

In the Ammended [sic] Complaint, plaintiff indicates he is asserting a claim under "Title 42 USC 1983" (Doc. #16, p. 4), but fails to articulate what federal constitutional or statutory right(s) he claims was violated by defendants. Reading the Ammended [sic] Complaint liberally, as required at this stage of the proceedings, it appears that plaintiff is attempting to assert claims under the Fourth Amendment. Even when read liberally, plaintiff fails to set forth facts as to each defendant plausibly setting forth a Fourth Amendment violation or a conspiracy between the officers. Accordingly, the Ammended [sic] Complaint fails to state a claim for a violation of 42 U.S.C. § 1983 and will be dismissed with leave to amend. See LaCroix v. W. Dist. of Ky., 627 Fed. App'x 816, 818 (11th Cir. 2015) ("[A]lthough *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. Even a *pro se* litigant is required

to comply with the rules of procedure." (marks and citations omitted)).[1]

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #22) is **GRANTED** and the Ammended [sic] Complaint for Violation of Civil Rights (Doc. #16) is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of June, 2020.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[1] The Court's conclusion moots defendant's argument that the Ammended [sic] Complaint is a shotgun pleading due to the single paragraph of factual allegations. However, the Court notes that the Ammended [sic] Complaint refers numerous times to the exhibits attached to the original complaint, which included a two-page factual description of the events underlying the claim. See Sheikh v. City of Deltona, 2014 WL 186124, *3 (M.D. Fla. Jan. 16, 2014) (considering exhibits attached to original complaint as incorporated by reference to the amended complaint); Johnson v. City of Tampa, 2012 WL 3243608, *2 (M.D. Fla. Aug. 9, 2012) (same); Dunn-Fischer v. Dist. Sch. Bd. of Collier Cty., 2010 WL 5013906, *1 (M.D. Fla. Dec. 3, 2010) (same).